[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on December 20, 1986, a total of 14 years. It was the third marriage for the Husband and the second for the Wife. They separated in August of 1994 although they continued to have a relationship until the filing of the complaint by Husband in April of last year. The relief asked for was simply a dissolution of marriage. The Wife appeared through counsel and filed an answer and cross-complaint claiming a dissolution of marriage, a fair division of property and debts, alimony, a name change, and other relief. During a one day trial, the case was ably presented and the parties fully heard on all issues.
The Husband is 62 years of age, in good health, employed for many years as a plastics salesman, and currently earning a weekly income is $1032.00. The Wife is 46 years of age, in good health, is recently employed as a social worker for the State of Connecticut Department of Protective Services, and is currently earning a weekly income of $715.23. The Husband has one and one-half years of college. During the marriage, with some assistance from the Husband, the Wife obtained both her bachelors and masters degrees in social work. It is noted that she attended several different schools in several different states in order to obtain her degrees.
While no children were born to the Wife during the marriage, the Husband did adopt and raise the Wife's eight-year-old son from her first marriage. The child has now reached his majority.
Prior to the marriage, the Husband owned a residence which is still in his name and had retirement benefits which have grown in value. The Wife had no assets which she brought to the marriage. On her financial affidavit she lists only personal property with a value of $12,000.00 and a vehicle with a value of $4,000.00. On his financial affidavit, the CT Page 967 Husband lists the residence with an equity of $152,000.00, personal property of $4,500.00, a vehicle with a value of $3,500.00, bank accounts of $10,800.00, and two deferred compensation plans with a total value of $179,712.00 (total assets $350,512.00).
The Husband has no liabilities and the Wife shows total liabilities of $60,333.47, including $59,292.53 in student loans.
It is difficult to ascertain the causes for the breakdown of the marriage between these two intelligent, articulate, religious individuals. The Husband claims he does not know why his Wife left six years ago and would like to preserve the marriage even now. The Wife claimed the Husband was abusive verbally and physically but offered little credible evidence. She said they tried to reconcile on numerous occasions without success. She testified she left because he asked her to and returned many times because he begged her to. Counseling and the intervention of church officials did not help.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
Dissolution of Marriage
The marriage is dissolved on the grounds of an irretrievable breakdown.
Alimony
No periodic alimony is awarded to either party.
The Husband shall pay to the Wife $60,000.00 of lump sum alimony within five years from date. Said sum shall be evidenced by a promissory note, with interest at the rate of 5% per annum, and shall be secured by a mortgage on the property located at One Sheffield Road, Milford, Connecticut. It shall also be payable in full on the death of the Husband, his refinance, or sale of the property.
Personal Property
Each party shall retain the personal property, bank accounts, vehicles, and retirement benefits in their respective names without claim from the other. CT Page 968
Liabilities
Each party is responsible for their own liabilities.
Birth Name
The Wife's birth name Earlington is restored.
Miscellaneous
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days. He shall also prepare the promissory note and mortgage deed.
CUTSUMPAS, J.